[No. 5013.]
[No. 2563 C. A.]

The Colorado-Philadelphia Reduction Company v. Fretz.

**Negligence—Fellow Servant.**

Defendant through its proper servants was attempting to repair the feed pipe in its reduction works and had at hand sufficient means and appliances, if made use of, to support the pipe while such repair work was being done. Plaintiff, an employee in said works, and who was familiar with the appliances and their condition, was directed by the foreman to assist in the repair work, and while so assisting through the fault of some one or more of the employees engaged in such repair work a section of the pipe fell and injured plaintiff. Held, that the negligence, if any, causing plaintiff's injury was the negligence of fellow servants, and defendant was not liable therefor.

*Appeal from the District Court of El Paso County: Hon. Louis W. Cunningham, Judge.*

Messrs. Wolcott, Vaile & Waterman and Mr. W. W. Field, for appellant.

Mr. Justice Gunter delivered the opinion of the court.

The feed pipe in the reduction plant of appellant had separated into two sections and its employees were attempting to repair the pipe by reuniting the sections. The lower section was about six feet in length, square, of heavy timber, and lined with iron. It stood vertically and firmly in a socket about two inches deep and upon the framework of the crushing machine. At the time of the effort to connect the sections the lower section was being held in place by three employees, and the upper section was being supported by a rope held by another employee. Appellee (plaintiff) at the time of the accident was employed in the sampling department of the mill, which department adjoined the crushing room in which was the feed pipe. Appellee and all men employed in the adjoining room worked in the one room or another as they were required. Appellee was familiar with the crushing room, its appliances and its then condition, and he could and did see the lower section of pipe and the men occupied in its repair. Appellee was called by the foreman, McIntire, from the sampling room and requested to aid in connecting the pipe. When appellee entered the room the foreman, by manual labor, was attempting to connect the two sections of pipe, and, as stated, one man by a rope was holding the upper section in place. While some provision had been made for screwing the lower section to the socket, it was not so fastened at this time because it was necessarily loose in order to make the union of the sections. Appellee assisted the employee in holding the rope, and after holding the rope for a little time they tied it to another piece of machinery, stepped aside and stood disengaged and looking on

as the attempt to effect the union of the two sections went on. The lower section of the pipe fell and struck appellee. There is uncertainty as to the cause of the fall. One witness thinks it was jarred out of position by the motion of other machinery in operation in the room; the same witness suggests that someone may have slipped and moved the pipe. The foreman, McIntire, says he may have leaned against the pipe and caused it to fall. There is no evidence but what there were abundant means present to hold the pipe in place if they had been availed of. There is undisputed evidence that there were abundant and sufficient appliances provided for use in such repairs as that which was in progress, all of which appliances were within convenient reach and could have been used if desired.

The complaint charges that the negligence of appellant company consisted in its permitting the feed pipe to be and remain in a dangerous condition without sufficient support.

We fail to find in the record any evidence of negligence upon the part of appellant in the pipe being without safe support. The facts simply are: The feed pipe was out of repair; appellant through its proper servants was attempting to repair it; there were abundant means of support in the men and appliances conveniently at hand for holding the lower section in place, and if there was negligence in the failure to use them, it was the negligence of the fellow servants of appellee. We find no evidence in this record of negligence upon the part of appellant in permitting the feed pipe to remain in a dangerous condition without sufficient support. The judgment should be reversed.

                                              *Reversed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE MAXWELL concur.